IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NANCY L. RIDDER )
)
v. ) NO. 3-13-1021
) JUDGE CAMPBELL
TARGET CORPORATION )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff alleges personal injuries incurred because of an accident on August 22, 2012, in Defendant's Target store in Brentwood, Tennessee. Plaintiff contends that she suffered these personal injuries as the result of Defendant's negligence.

The Complaint asserts that Plaintiff was attempting to remove a 35-pound container of Tidy Cat from a high shelf in Defendant's store when the container fell on her leg and foot. Plaintiff claims that Defendant was negligent in displaying the Tidy Cat container carelessly on a high shelf within tight shelving spacing and in placing the container on the shelf with the handle folded back behind the container, preventing its use without turning or moving the container. Plaintiff avers that Defendant created, knew or reasonably should have known of the dangerous and unsafe condition of the display and, therefore, breached its duty of reasonable care to customers, including Plaintiff.

Defendant has moved for summary judgment, contending that the accident in question was caused by Plaintiff's own negligence and that Defendant breached no duty to Plaintiff. Defendant argues that Plaintiff did not use reasonable care under the circumstances for her own safety.

Defendant maintains that reasonable minds could not disagree that Plaintiff is more than 50% at fault for this accident, thus precluding any recovery.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.*

## NEGLIGENCE

To establish a claim for negligence, Plaintiff must show the following elements: (1) a duty of care owed by the Defendant to the Plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Kellner v. Budget Car and Truck Rental*, 359 F.3d 399, 403 (6th Cir. 2004); *Tanner*

*v. Ogden*, 2014 WL 1413495 at * 1 (M.D. Tenn. April 11, 2014).  Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree. *Tanner* at * 2; *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993).

Whether Defendant owed Plaintiff a duty of care is a question of law to be determined by the Court.  *Tanner* at *1; *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Duty of care has been defined by the courts as the legal obligation owed by a defendant to a plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Tanner* at * 1; *Patterson-Khoury v. Wilson World Hotel - Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003). If a defendant has failed to exercise reasonable care, he has breached his duty to the plaintiff. *Id*.

An owner of a place of business has a duty to exercise reasonable care with regard to business invitees on the premises.  *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 629 (Tenn. Ct. App. 2009). The owner's duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers to avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired.  *Id*. at 629-30.  The duty imposed on a premises owner, however, does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated or from those which the owner neither knew about nor could have discovered with reasonable care. *Parker v. Holiday Hospitality Franchising, Inc.*, __ S.W.3d __, 2014 WL 4494265 at * 7 (Tenn. Sept. 12, 2014). Thus, persons seeking to prevail against a property owner on a premises liability claim must prove the elements of a negligence claim and, in addition, must prove

3

either that the condition was caused or created by the owner or if not, that the owner had actual or constructive notice of the dangerous condition prior to the accident. *Id*.

The Court finds that Defendant owed Plaintiff a duty to exercise reasonable care, under the circumstances, to protect her from unreasonable risks of harm. Determining that a duty exists, however, should not be confused with determining whether a breach of that duty occurred. The questions of whether Defendant breached that duty and thereby caused Plaintiff's injuries are matters to be determined by the trier of fact. *Patterson-Khoury,* 139 S.W.3d at 285.

Defendant claims that Plaintiff was more than fifty percent at fault in causing this accident. The degree of fault of each party in producing an injury is also a circumstance for the trier of fact to consider and determine. *Tanner* at * 2. In other words, the issue of allocation of fault is also a determination of fact to be made by the jury. *Id*.

Here, there are genuine issues of material fact which preclude summary judgment on whether Defendant breached its duty to Plaintiff and on whether Plaintiff was at fault. The parties dispute the basic facts surrounding the accident.

For example, Plaintiff claims that the Tidy Cat containers were on a "high" shelf, the third shelf above the floor, in tight shelving space. Defendant insists, and its photos show, that the Tidy Cat containers were on the second shelf, which is not high, and that the Tidy Cat containers would not have fit on the third shelf. Plaintiff claims that the strap handle on the subject container was folded down and in the back of the container. Defendant claims and Defendant's photographs show that the strap handles were on the sides of the Tidy Cat containers. Defendant also argues that each container of Tidy Cat had plastic handles built into all four sides that could and should have been used to lift the container from the shelf.

4

Thus, whether this container display was unreasonably dangerous and whether Plaintiff acted reasonably in attempting to remove the container are issues which must be determined by the trier of fact. Although, as noted above, the issue of negligence can be withdrawn from the jury in cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree, this is not a case where reasonable minds could draw but one conclusion.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment is DENIED. Defendant has failed to show that there are no genuine issues of material fact or that it is entitled to judgment as a matter of law.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE